1  BENJAMIN B. WAGNER
   United States Attorney
2  KEVIN C. KHASIGIAN
   Assistant U. S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA  95814
4  Telephone:  (916) 554-2700

5  Attorneys for the United States

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11 UNITED STATES OF AMERICA,              2:10-CV-01116-MCE-EFB

12              Plaintiff,

13      v.                                FINAL JUDGMENT OF FORFEITURE

14 REAL PROPERTY LOCATED AT
   12711 HIGHWAY 89, SIERRAVILLE,
15 CALIFORNIA, SIERRA COUNTY,
   APN: 018-050-0360 (FORMERLY
16 APN'S: 018-050-003, 018-050-001
   AND 018-050-002), INCLUDING
17 ALL APPURTENANCES AND
   IMPROVEMENTS THERETO,
18
              Defendant.
19

20        Pursuant to the Stipulation for Final Judgment of Forfeiture, the Court finds:

21        1.      This is a civil forfeiture action against the real property located at 12711

22 Highway 89, Sierraville, California, Sierra County, Assessor's Parcel Number 018-050-

23 0360 (formerly Assessor's Parcel Numbers: 018-050-003, 018-050-001 and 018-050-002)

24 ("defendant real property") and more fully described in Exhibit A incorporated herein

25 and attached hereto.

26        2.      A Verified Complaint for Forfeiture <u>In Rem</u> ("Complaint") was filed on

27 May 5, 2010, alleging that said defendant real property is subject to forfeiture to the

28

                                        1

United States of America pursuant to 21 U.S.C. § 881(a)(7).  (ECF No. 1.)

3.     On May 14, 2010, the defendant real property was posted with a copy of the Complaint and Notice of Complaint.  (ECF No.  8.)

4.     Beginning on May 12, 2010, for at least 30 consecutive days, the United States published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov.  A Declaration of Publication was filed on June 14, 2010.  (ECF No. 11.)

5.     In addition to the public notice on the official internet government forfeiture site www.forfeiture.gov, actual notice or attempted notice was given to the following individuals:

        a.     Dale R. Frisbey

        b.     Howard Frisbey

6.     Claimant Dale R. Frisbey filed a claim alleging an interest in the defendant real property on June 9, 2010, and filed an answer to the complaint on June 29, 2010.  No other parties have filed claims or answers in this matter, and the time for which any person or entity may file a claim and answer has expired.  (ECF Nos. 9, 14.)

7.     Potential claimant Howard Frisbey is on title to the defendant real property as an unmarried man.  The United States entered into a Stipulation for Final Judgment of Forfeiture with Howard Frisbey and will file that stipulation concurrently with the Final Judgment of Forfeiture.

8.     On November 2, 2012, claimant Dale R. Frisbey filed a Withdrawal of Claim and Answer with the Court.  As a result, claimant Dale R. Frisbey no longer asserts an interest in the defendant property.  (ECF No. 25.)

Based on the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1.     The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between Howard Frisbey and the United States.

2.     Judgment is hereby entered against Howard Frisbey and claimant Dale

R. Frisbey and all other potential claimants who have not filed claims in this action.

3.     All right, title and interest of Howard Frisbey and Dale R. Frisbey in the defendant real property shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7).

4.     The U.S. Marshals Service (or a designee) shall list the defendant real property for sale.  The U.S. Marshals Service shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale of the defendant real property.

5.     The U.S. Marshals Service shall have the defendant real property appraised by a licensed appraiser of its choosing.  The U.S. Marshals Service and the appraiser may have access to the defendant real property and structures, buildings, or storage sheds thereon upon 24 hours telephonic notice.

6.     If necessary, the U.S. Marshals Service, and any real estate broker employed by the U.S. Marshals Service, shall have the right to put a "lock box" on the property to facilitate the marketing and sale of the property.

7.     The following costs, expenses and distributions shall be paid in escrow from the gross sales price in the following priority and to the extent funds are available:

(a)     The costs incurred by the U.S. Marshals Service to the date of close of escrow, including the cost of posting, service, advertising, and maintenance.

(b)     Any unpaid real property taxes, which shall be prorated as of the date of the entry of the Final Judgment of Forfeiture.

(c)     A real estate commission not to exceed the U.S. Marshals Service contractual brokerage fee.

(d)     The seller shall pay any county transfer taxes.

(e)     To the United States of America: the net proceeds from the sale of the real property.  All right, title, and interest in said funds shall be substituted for the defendant real property and forfeited to the United States pursuant to 21 U.S.C.

§ 881(a)(7), to be disposed of according to law.

8.     Any liens or encumbrances against the defendant real property that appear on record subsequent to the recording of plaintiff's lis pendens on May 11, 2010, and prior to the close of escrow may be paid out of escrow.  The United States may pay any such lien or encumbrance at its sole discretion.

9.     The costs of a lender's policy of title insurance (ALTA policy) shall be paid for by the buyer.

10.     All loan fees, "points" and other costs of obtaining financing shall be paid for by the buyer of the defendant real property.

11.     Each party to this stipulation shall execute all documents necessary to close escrow, if such signatures are required by the title insurer.

12.     The United States and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the filing of the Complaint and the posting of the defendant real property with the Complaint and Notice of Complaint. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of the filing of the Complaint and the posting of the defendant real property with the Complaint and Notice of Complaint, as well as to those now known or disclosed.  Claimant waived the provisions of California Civil Code § 1542.

13.     Claimant shall not take any action, or cause any other person to take any action, to damage or modify the defendant real property from its present condition or other action that may result in a reduction in value of the defendant real property.

14.     Claimant shall remove all personal possessions and to leave the property clean and in the same state of repair as the property was on the date it was posted.  Any and all of claimant's personal possessions not removed within 72 hours will be disposed of by the United States without further notice.

15.     All parties are to bear their own costs and attorneys' fees, if any.

4

16.     Pending the sale of the property, and the disposition of the proceeds, the U.S. District Court for the Eastern District of California, Hon. Morrison C. England, Jr., District Judge, shall retain jurisdiction to enforce the terms of the Final Judgment of Forfeiture.

Dated:  November 6, 2012

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

## (Real Property located at 12711 Highway 89, Sierraville, CA)

Parcel 1:

All that portion of the Southwest ¼ of the Northeast ¼ of Section 30, Township 20 North, Range 15 East, M.D.M., lying Northerly and Northeasterly of the parcel of land described in the Deed to Archie Monico, Jr., et al, recorded September 20, 1972, in Book 56, Page 110, Official Records.

APN: 018-050-003

Parcel 2:

Being all that portion of that certain parcel of land described in that certain document No. 99-127668 official records Sierra County, also being a portion of section 30, Township 20 North, Range 15 East, M.D.B.&M, located in Sierra County, California, and more particularly described as follows.

Beginning at a point on the North-South center of section line of section 30, Township 20 North, Range 15 East, M.D.B.&M. that bears South 02°05'41" East, 1390.97 feet from the North ¼ corner of said section 30, also being the northwest corner of that certain parcel or land described in document No. 99-120839 official records of Sierra County, thence from said point of beginning along said North-South center section line South 02°05'41" East, 114.90 feet, thence leaving said line North 86°06'12" West, 82.13 feet, thence North 29°47'07" West, 100.94 feet, thence North 80°19'54" East, 129.01 feet, more or less, to the point of beginning.

Above described parcel contains 10,837 square feet more or less.
Portion of APN: 018-050-001